UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JIMMY VELEZ,

         Plaintiff,      VERIFIED
                 COMPLAINT AND
   -against-          JURY TRIAL

THE CITY OF NEW YORK; NEW YORK CITY
CORRECTIONS   DEPARTMENT,   CORRECTIONS
OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #3
(first name being fictitious), first name presently unknown,
person more accurately described in the complaint herein,
         Defendants.
-----------------------------------------------------------------------X

   Plaintiff, JIMMY VELEZ, by his attorney, WALTER JOHN THOMPSON,

complaining of the Defendants herein, respectfully alleges, upon information and belief, as

follows:

### INTRODUCTION

1. This is a civil rights action brought by Plaintiff, JIMMY VELEZ, to seek relief for the

  Defendants' violations of his rights secured by 42 U.S.C. §§1983, 1988, and the rights

  secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

  Constitution. Plaintiff seeks compensatory and punitive damages, and such other relief

  as this Court deems equitable and just.

2. The claims arise from an April 18, 2018 incident in which Officers of the New York

  Corrections Department ("NYDOC"), acting under color of state law, intentionally and

  willfully subjected Plaintiff to an unlawful battery, excessive force, cruel and unusual

  punishment and acted with deliberate indifference to the Plaintiff's safety.

3. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages, as well as attorney's fees, for, excessive force, cruel and unusual punishment, deliberate indifference and other violations of Plaintiff's constitutional rights as detailed below.

4. The individual Defendants are sued in their individual capacities a well as in their capacities as employees of Defendant, The City of New York, and its NYDOC.

## JURISDICTION

5. Jurisdiction is founded upon 28 U.S.C. §§§§ 1331, 1342, 1367, 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in said judicial district.

## JURY TRIAL DEMAND

7. Plaintiffs hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

8. At all times relevant hereto, Plaintiff, JIMMY VELEZ, was and is a natural person and citizen of the United States, and a resident of the State of New York, New York County.

9. Defendant City of New York ("the City") is a municipal corporation duly incorporated and authorized under the laws of the State of New York pursuant to § 431 of its Charter. The City of New York is authorized under the laws of the State of New York to maintain a police department, the New York Corrections Department ("NYDOC") which acts as its agent in the area of law enforcement and for which it is ultimately

responsible. The City assumes the risks incidental to the maintenance of a department of corrections and the employment of corrections officers.

10. At all relevant times, the City of New York and its NYDOC hired, employed, supervised and controlled the individual Defendants.

11. Defendant CORRECTIONS "JOHN DOE" #1 THROUGH "JOHN DOE" #3 (first name being fictitious), first name presently unknown, person more accurately described in the complaint herein, is and/or were at all times relevant herein, officers, employees, and agents of the NYDOC, a municipal agency of the City. Corrections Officers "JOHN DOE" #1 THROUGH "JOHN DOE" #3 are sued in their individual and official capacities.

12. All named Defendant Officers were, at all relevant times herein, on duty with the NYDOC on July 4, 2018.

13. At all times relevant herein, all named Defendant CORRECTIONS OFFICERS were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the City and/or the NYDOC in engaging in the conduct described herein. At all times relevant herein, the individual Defendants have acted for and on behalf of the City and/or the NYDOC with the power and authority vested in them as officers, agents and employees of the City and/or the NYDOC and incident to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYDOC.

## STATEMENT OF FACTS

14. Plaintiff, JIMMY VELEZ, is a Hispanic male and resident of the State of New York, New York County.

15. On or about April 18, 2018, at approximately 07:00 a.m., Plaintiff was handcuffed with his hands behind him by Corrections Officers John Doe #1 through John Doe #3. Plaintiff was then placed in a seat in a NYC Department of Corrections Bus for transportation to court for an appearance that day. Plaintiff hands remained handcuffed behind him and he was not given any seat or safety belt to ensure his safety during the trip to court.

16. Plaintiff complained to CORRECTIONS OFFICERS JOHN DOE#1 through JOHN DOE #3 that he had been shot in his jaw and mouth and that he was afraid that he would not be able to protect himself during the trip.

17. CORRECTIONS OFFICERS JOHN DOE#1 through JOHN DOE #3 willfully and intentionally acted with deliberate indifference to Plaintiff's complaint and forced him to remain in the seat with his hands cuffed behind his back.

18. CORRECTIONS OFFICERS JOHN DOE#1 through JOHN DOE #3 then proceeded to drive the bus in an unsafe and aggressive manner seeking to deliberately cause the Plaintiff harm.

19. During the course of his transportation to court, CORRECTIONS OFFICERS JOHN DOE#1 through JOHN DOE #3 deliberately and willfully drove the bus over bumps and potholes causing the Plaintiff to lurch forward and bang his already injured jaw against the seat in front of him, causing further injury to his jaw.

20. The conduct of the individual Defendants in willfully, intentionally and with deliberate indifference proximately caused physical, emotional and financial injury to him, as well as serious physical and emotion pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment and deprivation of Plaintiff's constitutional

rights. Plaintiff suffered trauma, debasement and humiliation as a result of being assaulted, detained and arrested, unlawfully, without any cause.

21. At all times relevant herein, the individual Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being by unlawfully restraining, seizing, and assaulting Plaintiff.

22. The actions of the individual Defendants, as set forth herein, were the result of the failure of the NYDOC to properly train, supervise and discipline its officers, including Defendant CORRECTIONS "JOHN DOE" #1 THROUGH "JOHN DOE" #3. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of Defendant City of New York and its NYDOC. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of the individual Defendants.

23. At all relevant times herein, Defendant City of New York, acting through its NYDOC, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of his rights.

24. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

25. The constitutional abuses and violations by Defendant City of New York, through the actions of its NYDOC and all other named Defendant CORRECTIONS, were and are directly and proximately caused by policies, practices and/or customs developed,

implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its CORRECTIONS; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of New York.

26. Upon information and belief, Defendant City of New York has, acting through its NYDOC, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or using excessive force against individuals.

27. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

28. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

29. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

**<u>FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF JAVONE BRWON
FOR VIOLATION OF PLAINTIFFS RIGHTS TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE 4TH 5TH AND
14TH AMENDMENT TO THE UNITED STATES CONSTITUTION PREDICTED
UPON THE USE OF EXCESSIVE FORCE</u>**

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "38" hereinabove as if more fully set forth at length here in.

31. As a result of the effort described actions, including the use of excessive physical force an intentional infliction of emotional harm upon the plaintiff comma the defendants PO John doe one through John doe 4 Jane doe one Anne individually deprived plaintiff Siobhan Brown of the rights privileges and immunity secured by the constitution and the laws of the United States and the 14th amendment

32. The acts of the individual Defendants, under color of state law, in arresting Plaintiff, physically assaulting, and battering against Plaintiff were racially motivated, undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to Plaintiff in violation of his constitutional rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Through these actions, Defendants are liable for violation of 42. U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

33. By their conduct, as described herein, Defendants are liable to Plaintiff under 42. U.S.C. §1983 for the violation, under color of state law, of the constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

34. As a consequence of the individual Defendants' actions, Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by Defendants.

35. Further, the individual Defendants failed to intervene in order to prevent their co-defendants from violating the rights of Plaintiff.

36. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation and embarrassment.

37. As a result of the aforesaid unlawful acts by Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000,000.00) Dollars.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS CORRECTIONS OFFICER JOHN DOE #1 THROUGH JOHN DOE #3 OF THE NEW YORK CITY DEPARTMENT OF CORRECTIONS FOR CRUEL AND UNUSUAL PUNISHMENT (42. U.S.C. §1983, Eighth and Fourteenth Amendments)**

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "45" as if more fully set forth at length herein.

39. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from cruel and unusual punishment as required by the Eighth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

40. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation, and embarrassment.

41. By reason of the aforesaid unconstitutional and illegal acts taken against them by the individual Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000,000.00) Dollars.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS AND CORRECTIONS OFFICERS JOHN DOE#1 THROUGH JOHN DOE #3**
**(Monell Claim)**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" hereinabove as if more fully set forth at length herein.

43. At all relevant times herein, Defendant City of New York, acting through its NYDOC, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of such rights.

44. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.

45. The constitutional abuses and violations by Defendant City of New York, through the actions of its Police Department and all named Defendants, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the

failure: (a) to adequately supervise and train its officers and agents, including Defendants, thereby failing to adequately discourage further constitutional violations on the part of its CORRECTIONS; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of New York.

46. Upon information and belief, Defendant City of New York has, acting through its NYDOC, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully assaulting, battering, searching, seizing, and exercising excessive force against individuals, without reasonable or lawful justification.

47. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.

48. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated which has caused him to suffer severe physical, mental and emotional injury and pain, in addition to severe mental anguish, suffering, humiliation and embarrassment.

49. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

50. By reason of the aforementioned unlawful acts of Defendants, Plaintiff has been damaged in the sum of Ten Million ($10,000,000.00) Dollars.

**WHEREFORE**, Plaintiff, JIMMY VELEZ, demands judgment against Defendants, THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, CORRECTIONS OFFICERS JOHN DOE#1 THROUGH JOHN DOE#3 as follows:

a) On the first cause of action:     Ten Million ($10,000,000.00) Dollars;

b) On the second cause of action:  Ten Million ($10,000,000.00) Dollars;

c) On the third cause of action:     Ten Million ($10,000,000.00) Dollars;

d) Award Plaintiff punitive damages;

e) Award attorney's fees pursuant to 42 U.S.C. § 1988;

f) Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and,

g) Award such other and further relief as this Court may deem appropriate and equitable.

Dated:         New York, New York
               April 19, 2021

Walter John Thompson, Esq.
Thompson Law, P.C.
Attorney for Plaintiff
250 West 57th Street, Suite 1632
New York, NY 10107
(646) 670-1672