UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIMMY VELEZ,

                         Plaintiff,

              -v-

THE CITY OF NEW YORK, *et al.*,

                         Defendants.

21-CV-3444 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Jimmy Velez commenced suit against the City of New York and three John Doe Defendants, alleged to be employees of the New York City Department of Correction, who he claims violated his constitutional rights by driving erratically and violently while Velez's hands were cuffed and his seatbelt detached. Before the Court is the City of New York's motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion to dismiss is granted.

**I.    Background**

    The following facts are drawn from the Amended Complaint (or simply the "AC") and are assumed true for purposes of the pending motion to dismiss. (*See* ECF No. 18 ("AC").) Plaintiff Jimmy Velez alleges that on April 13, 2018, at approximately 7:00 A.M., he was handcuffed with his hands behind him by three anonymous officers of the New York City Department of Correction ("DOC"). (AC ¶ 20.) These three officers are named as John Doe 1 through 3 in the Amended Complaint. (*See* AC ¶ 1.)

    The Amended Complaint alleges that, while Plaintiff was handcuffed and not wearing a seatbelt, the three anonymous DOC officers subjected him to "an unsafe and aggressive ride" in a DOC bus transporting Plaintiff from the Vernon C. Bain Center to state court. (AC ¶¶ 20 –

25.)  Plaintiff claims that as a result of the unconstitutional conduct, he sustained bodily, mental, and emotional injuries.  (AC ¶ 50, 55.)  The Amended Complaint names the three John Doe officers, the City of New York (the "City"), and the DOC as Defendants.  (*See* AC ¶¶ 38 – 60.)  As to the City, Plaintiff alleges that his injuries followed the DOC's "enforced, encouraged, and sanctioned de facto policies," but the Amended Complaint does not allege what those policies or when (other than during the alleged driving incident) those policies were "enforced" or "sanctioned" by the City or DOC.  (AC ¶¶ 52 – 58.)  Instead, the factual allegations in the Amended Complaint are limited to the morning of April 13, 2018.

Plaintiff commenced suit against the City, DOC, and John Doe Defendants on April 19, 2021.  (ECF No. 1.)  Plaintiff filed the operative complaint on February 2, 2022, alleging claims under 42 U.S.C. § 1983 against the John Doe Defendants, as well as against the City under a theory of municipal liability, claiming that the bus ride violated his Fourth, Fifth, and Fourteenth Amendment rights against unreasonable search and seizure and his Eighth Amendment rights against cruel or unusual punishment.  (AC ¶¶ 38, 47, 52.)  Plaintiff alleged that but for the John Doe officers' employment by DOC, he would not have been injured — the crux of the theory of municipal liability against the City, the only properly named Defendant in this action.[1]  The City moved pursuant to Federal Rule 12(b)(6) to dismiss this action on June 2, 2022.  (ECF No. 29.)

**II.**     **Legal Standard**

To survive a 12(b)(6) motion, a plaintiff must show that the complaint alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Complaints have "facial plausibility when the plaintiff pleads factual content

---

[1] Plaintiff does not dispute that, though formally named in the caption, the DOC is either not distinct from the City or not an entity capable of answering suit at all.  (ECF No. 30 ("Def. Memo.") at 8.)

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court should dismiss a complaint where "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  Courts must accept all allegations and draw all inferences for the plaintiff.  *See Steginsky v. Xcelera Inc.*, 741 F.3 365, 368 (2d Cir. 2014).

### III.  Discussion

#### A.  *Respondeat Superior*

A plaintiff must plead facts suggesting actual liability against a municipality; the Supreme Court has been clear that allegations of *respondeat superior* obligations for a municipality are insufficient to state a municipal liability claim as a matter of law:

> [T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Monell v. Dept. Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original). Here, Plaintiff includes no allegations against the City specifically; he alleges only wrongdoing by its employees, which he does not name.  While Plaintiff is right that in some situations "a § 1983 plaintiff may establish a municipality's liability by demonstrating that the actions of subordinate officers are sufficiently widespread to constitute the constructive acquiescence of senior policymakers," *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992) (citing *City of Louisville v. Praprotnik*, 485 U.S. 112, 130 (1988)), here, he alleges only a single incident, not enough on which to base a plausible inference of widespread acquiescence. Plaintiff's only other response to this point is that he can submit "a documented history of the

3

DOC and its officers and employees[] being accused of violating detainees' civil rights." (ECF No. 35 ("P. Opp.") at 8.) Here, Plaintiff cites a news article describing an October 2021 incident of DOC misconduct at Rikers Island and a 2021 lawsuit brought against the DOC by the New York Civil Liberties Union seeking public disclosure of DOC databases relating to officer misconduct. (*Id.*) However, these items do not establish a city policy due to lack of specificity and because it is insufficient that people accuse the City of violating detainees' rights; it matters only whether Plaintiff pleads facts to draw the inference of a pattern, practice, or policy on the part of the City. *See Greene v. City of New York*, 742 Fed. App'x 532, 536 – 37 (2d Cir. 2018) ("A plaintiff cannot point to 'contemporaneous or subsequent' violations to 'establish a pattern of violations that . . . provide[d] notice to the cit[y] [that it needed] . . . to conform [its training or supervising program] to constitutional dictates.'" (quoting *Connick v. Thompson*, 563 U.S. 51, 63 (2011) (alterations original).

Plaintiff exclusively pleaded *respondeat superior* against the City and DOC, which is insufficient as a matter of law to sustain a Section 1983 claim against a municipal entity. Under *Monell*, additional facts suggesting direct liability is required. Accordingly, the Amended Complaint must be dismissed for failure to state a cognizable claim for relief.

### B. Relation Back

While unclear on the face of Plaintiff's opposition brief, he apparently seeks to preserve his right to replace the John Doe Defendants with named officers at some point in the future via the relation-back doctrine. *See* Fed. R. Civ. P. 15(c). Defendants counter that the Court should foreclose any future amendment because Plaintiff has not satisfied the requirements for relation-back under the Federal Rules of Civil Procedure. (ECF No. 30 ("Def. Memo.") at 10.)

Plaintiff has not articulated who, what, or which, if any, additional defendants it would add on its relation-back theory, and his arguments — existing on a hypothetical level — fail.

4

Plaintiff concedes that, otherwise, he would be time-barred from adding additional defendants given New York's statute of limitations on personal injury cases. (Def. Memo. at 10.)

Because Plaintiff has been given multiple opportunities and, each time, has chosen not to attempt to name defendants that would save the case, the Court holds that the omission of various defendants in the Complaint and Amended Complaint was not "a mistake" as required under relation-back doctrine. *See* Fed. R. Civ. P. 15(c)(1). Given these chances, the Court holds that, here, "the failure to name the prospective defendant in the original complaint[s] was the result of a fully informed decision," not "a mistake concerning the proper defendant's identity" and, therefore, "the requirements of Rule 15(c)(1)(C)(ii) are not met." *Scott v. Village of Spring Valley*, 2013 WL 5807405, at *4 (S.D.N.Y. Oct. 28, 2013) (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 552 (2010)). Nor did those would-be defendants receive such notice of this case that they would not be prejudiced in defending the merits. *See* Fed. R. Civ. P. 15(c)(1)(C).

Plaintiff also cannot establish relation back under Federal Rule 15(c)(1)(A), which provides that "an amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Under New York law, there are two possible avenues of satisfying relation back under Sections 1024 and 203 of the New York CPLR. *See* N.Y. C.P.L.R. §§ 203, 1024. To earn relation back under Section 1024, a plaintiff must, among other things, "exercise due diligence . . . to identify the [proper] defendant by name." *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013). However, for reasons explained above, it is not apparent, nor does Plaintiff argue, that he exercised any due diligence in seeking to locate the correct defendants. And under Section 203, a party is entitled to amendment by relation back only if they can show that the newly added party "knew or should have known that, but for an excusable mistake by plaintiff as to the

5

identity of the proper parties, the action would have been brought against him as well." *Buran v. Coupal*, 87 N.Y.2d 173, 178 (1995). For similar reasons to the above, however, Plaintiff has not pleaded the existence of any sort of excusable mistake here.[2]

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at ECF Number 29 and to close this case.

SO ORDERED.

Dated:  March 30, 2023
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[2] Plaintiff also concedes by silence that, to the extent raised, any state law claim against an individual officer or municipal entity is barred by New York state law requiring a plaintiff file a notice of claim before initiating suit, which Plaintiff does not allege here. Accordingly, to the extent raised, those state law claims are dismissed as well. *See* N.Y. Gen. Mun. L. §§ 50-e, 50-i(1).